IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RENÈE BARRY, Individually and on**                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                          No. 1:22-cv-5872

**CSWS, LLC, and DEBORAH DIAZ**                        **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Renèe Barry ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for her Original Complaint—Collective Action ("Complaint") against Defendants CSWS, LLC, and Deborah Diaz (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the minimum wage and overtime provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policy and practice of failing to pay proper minimum wage and overtime compensation under the FLSA and the IMWL.

3. This case is similar to *Rosebar, et al. v. CSWS, LLC, et al.*, No. 1:18-cv-07460-VMK, filed October 22, 2018. Two of the three defendants in the *Rosebar* case are named as defendants herein. The duties and claims for relief of the plaintiffs in each case are the same or substantially similar. On January 3, 2020, the Court granted conditional certification of the *Rosebar* plaintiffs' proposed collective. The *Rosebar* notice period has ended, and Plaintiff in the instant case will seek certification of a collective limited in time from that date.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges violations of the IMWL, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business in Illinois and, at all times relevant herein, purposely availed itself of the benefits and protection of Illinois state law.

7. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff is an individual and resident of Winnebago County.

9. Separate Defendant Deborah Diaz ("Diaz") is an individual and resident of Cook County.

10. Separate Defendant CSWS, LLC ("CSWS") is a domestic limited liability company.

11. CSWS's registered agent for service of process is Deborah D. Diaz at 5555 West 70th Place, Chicago, Illinois 60638.

12. CSWS does business as Ocean's Gentlemen's Club.

13. Defendants, in the course of its business, maintains a website at https://oceangentlemensclubchicago.com/.

## IV. FACTUAL ALLEGATIONS

14. Defendants own and operate an adult entertainment club that does business as Ocean's Gentlemen's Club.

15. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverages.

16. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

17. Diaz is a principal, director, officer, and/or owner of CSWS.

18. Diaz took an active role in operating CSWS and in the management thereof.

19. Diaz, in her role as an operating employer of CSWS, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedules, and made decisions regarding Plaintiff's pay, or lack thereof.

20. Diaz, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's work entailed.

21. Defendant acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the IMWL.

23. At all times material herein, Plaintiff has been classified by Defendants as exempt from the overtime requirements of the FLSA and the IMWL.

24. Plaintiff was employed at Defendants' club in Bedford Park, Illinois called Ocean's Gentlemen's Club (hereinafter, "the Club").

25. Defendants employed Plaintiff within the three years preceding the filing of this lawsuit.

26. Specifically, Defendants employed Plaintiff as a Dancer from around July of 2019 until April of 2022.

27. Defendants classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

28. Defendants also employed other Dancers.

29. Defendants also classified other Dancers as independent contractors.

30. Plaintiff performed stage dances and lap dances on Defendants' premises.

31. Other Dancers had the same or similar duties as Plaintiff.

32. Defendants directly hired Plaintiff and other Dancers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

33. Plaintiff and other Dancers did not financially invest in Defendants' business.

34. Plaintiff and other Dancers did not share in Defendants' profits or losses.

35. Defendants, not Plaintiff or other Dancers, set prices for lap dances and private dances.

36. Defendants determined Plaintiff's and other Dancers' pay scale for services without input from or negotiation with Plaintiff and other Dancers.

37. Defendants, not Plaintiff or other Dancers, decided whether and how many Dancers to hire.

38. Plaintiff and other Dancers were hired to work for Defendant for a continuous and ongoing period of time.

39. Plaintiff and other Dancers did not select any employees for hire, nor did they have any ability to fire employees.

40. Plaintiff and other Dancers did not have any control of or authority over any employee's rate of pay or working hours.

41. Defendants set the Club's policies and rules and had complete control over the venue.

42. Defendants required Plaintiff and other Dancers to follow the Club's policies and rules.

43. Defendants made decisions on advertising Defendant's business without Plaintiff's and other Dancers' input.

44. Defendants failed to pay Plaintiff the applicable minimum wage for all hours worked.

45. Upon information and belief, Defendants did not pay Plaintiff and other Dancers an hourly or salary rate.

46. Defendants did not pay Plaintiff and other Dancers any wage at all.

47. Plaintiff and other Dancers received tips from Defendants' customers.

48. Plaintiff and other Dancers were required to share their tips with Defendants, bouncers and other employees who did not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

49. Each shift, Plaintiff and other Dancers were required to pay Defendants $150 or more before they could perform any dances.

50. Defendants regularly "fined" Plaintiff and other Dancers for various "offenses," such as arriving late for a shift or dancing without wearing shoes.

51. If Plaintiff or other Dancers did not tip Defendants' bouncers, then the bouncers would not help Plaintiff or other Dancers with any issues that arose during their shifts.

52. Defendant paid Plaintiff and other Dancers a piece rate per lap dance.

53. The tips and piece rate pay which Plaintiff and other Dancers were allowed to keep constituted the entirety of their pay.

54. At all relevant times, Defendants knew or should have known that the FLSA applied to the operation of an adult entertainment club. Defendants knew of or should

have been aware of previous litigation and enforcement actions relating to wage and hour violations where the misclassification of exotic dancers as independent contractors under the FLSA was challenged.

55. Plaintiff worked over 40 hours in some weeks while employed by Defendants.

56. Upon information and belief, other Dancers also regularly or occasionally worked over 40 hours in some weeks during their employment with Defendants.

57. Plaintiff and other Dancers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

58. Plaintiff and other Dancers are entitled to 1.5x their regular hourly rate for hours worked over 40 each week.

59. Plaintiff performed all of her work as a Dancer on Defendants' premises.

60. Other Dancers performed all of their work on Defendants' premises.

61. The Club's security employees recorded the hours worked by Plaintiff and other Dancers nightly at the Club's front desk.

62. Defendants knew of should have known that Plaintiff and other Dancers worked hours over 40 in at least some weeks.

63. Defendants knew or should have known that Plaintiff and other Dancers were working hours for which they were not paid a lawful minimum wage or overtime premium.

64. Defendants knew or should have known that Plaintiff and other Dancers did not receive a lawful minimum wage for all hours worked.

65. Defendants knew or showed reckless disregard for whether the way it paid Plaintiff and other Dancers violated the FLSA and the IMWL.

66. The net effect of Defendants' practices and policies regarding Plaintiff's job duties and pay, as described above, is that Defendants intentionally misclassified her as an independent contractor in order to avoid paying her a lawful minimum wage for all hours worked and an overtime premium for hours worked over forty each week.

67. Defendants made no reasonable efforts to ascertain and comply with applicable law.

68. Because Plaintiff was paid solely in tips and piece rate pay, regardless of the actual hours she worked, she incurred damages in each week that she was employed by Defendant.

69. Specifically but without limitation, Plaintiff incurred damages in each of the following weeks: January 2, 2022; January 9, 2022; January 16, 2022.

70. Defendants knew of showed reckless disregard for whether the way they paid, and failed to pay, Plaintiff and other Dancers violated the FLSA and the IMWL.

## V. REPRESENTATIVE ACTION ALLEGATIONS

71. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be paid wages by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Minimum wages for all hours worked;

    B.    Overtime premiums for all hours worked over forty in any week;

C. Liquidated damages; and

D. Attorneys' fees and costs.

72. Plaintiff proposes the following collective under the FLSA:

**All Dancers in the last three years.**

73. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

74. The relevant time period dates back to the end of the notice period in *Rosebar* as described in paragraph 3, *supra*, and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a). In limiting the collective definition in this way, Plaintiff in no way waives or limits damages available to her or future opt-in plaintiffs.

75. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were paid primarily in tips;

B. They were paid a piece rate per lap dance;

C. They were not paid a sufficient minimum wage;

D. They were not paid an overtime premium for hours worked over 40 in a week;

E. They were subject to Defendants' common policy of classifying them as "independent contractors;"

F. They were subject to numerous other policies and practices as described above; and

G. They had the same or substantially similar job duties and requirements.

76. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 20 individuals.

77. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

78. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

79. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

80. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

81. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

82. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

83. Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

84. Despite Plaintiff's entitlement to overtime wages, Defendants failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

85. Defendants failed to pay Plaintiff a lawful minimum wage for all hours worked.

86. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes."

87. Defendants unlawfully retained tips earned by Plaintiff.

88. Defendants knew or should have known that its actions violated the FLSA.

89. Defendants' conduct and practices, as described above, were willful.

90. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

91. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

92. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

93. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

94. Plaintiff brings this action on behalf of all other similarly situated individuals to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty each week.

95. Plaintiff brings this action on behalf of herself and all others similarly situated who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

96. 29 U.S.C. § 207 requires employers to pay each employee 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

97. Defendants misclassified Plaintiff and other similarly situated employees as independent contractors and as exempt from the overtime requirements of the FLSA.

98. Defendants failed to pay Plaintiff and other similarly situated employees at the proper overtime rate for all hours worked in excess of forty hours in a week, despite their entitlement thereto.

99. Defendants failed to pay Plaintiff and other similarly situated employees a lawful minimum wage for all hours worked.

100. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes."

101. Defendants unlawfully retained tips earned by Plaintiff and others similarly situated.

102. Defendants' conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

103. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

104. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
**(Individual Claim for Violation of the IMWL)**

105. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

106. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

107. IMWL, 820 ILCS 105/4a(1) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of 820 ILCS 104/4a(2).

108. Defendants failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

109. Defendants failed to pay Plaintiff a lawful minimum wage for all hours worked.

110. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

111. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

112. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Renèe Barry, individually and on behalf of all others similarly situated, respectfully prays that Defendants be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the IMWL and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid wages under the FLSA, the IMWL and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL and their related regulations;

E. An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**RENÈE BARRY, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Krista Sheets*
Krista Sheets
Va. Bar No. 97730
krista@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com